UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| DONALD L. LYTLE,<br><br>  Plaintiff,<br><br>  v.<br><br>FORD MOTOR COMPANY, a Delaware Corporation; FOLSOM LAKE FORD, INC., a California corporation, dba FOLSOM LAKE FORD; and DOES 1 through 10, inclusive,<br><br>  Defendant. | No. 2:18-cv-1628 WBS EFB<br><br>MEMORANDUM AND ORDER RE: MOTION TO REMAND |

----oo0oo----

Plaintiff Donald Lytle initiated this lawsuit against Ford Motor Company ("Ford"); Folsom Lake Ford, Inc. ("Folsom Lake"); and Does 1 through 10, inclusive, alleging causes of action under California's Song-Beverly Consumer Warranty Act, Civil Code §§ 1790-1795.5 ("Song-Beverley"); and claims for concealment, misrepresentation, and negligent repair. Presently before the court is plaintiff's Motion to Remand. (Docket No. 8.)

I. Factual and Procedural Background

1

1 | Plaintiff, a citizen of California, purchased a 2008 Ford-F250 ("the Subject Vehicle") from Downtown Ford Sales in Sacramento. (Decl. of Mitch Rosensweig ¶ 3 (Docket No. 8-1).) Plaintiff alleges that defendant Ford, a Delaware corporation with its principal place of business in Michigan (Notice of Removal ¶ 22.), provided express warranties that accompanied the sale of the vehicle. (Compl. ¶ 9 (Docket No. 1-1).) According to plaintiff's allegations, pursuant to those warranties, Ford agreed to preserve the performance of the Subject Vehicle or provide compensation if necessary. (Id.)

Plaintiff further alleges that the Subject Vehicle was delivered to him with serious defects and developed other such defects over time, all of which were in nonconformity with the warranty agreement. (Id.) Specifically, plaintiff alleges that the 6.4L Engine in the Subject Vehicle is defective in its design and/or manufacture and that Ford knew of and concealed the engine's defects. (Id. ¶¶ 26-51.) Against defendant Folsom Lake, plaintiff alleges that defendant breached its duty to plaintiff to properly store, prepare, and repair the Subject Vehicle. (Id. ¶ 169.)

Plaintiff brought suit in state court against all defendants on May 1, 2018. (Id. ¶ 1.) Defendants removed this action to this court on June 5, 2018. (Docket No. 1.) Plaintiff now seeks remand to state court and attorneys' fees incurred in connection with this motion. (Docket No. 8.) Defendants oppose plaintiff's motion to remand. (Docket No. 9.)

II. Discussion

"[A]ny civil action brought in a State court of which

the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district ... where such action is pending." 28 U.S.C. § 1441(a). However, if "it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). On a motion to remand, the defendant bears the burden of showing by a preponderance of the evidence that federal jurisdiction is appropriate. Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010) (internal citation omitted).

Federal courts have original jurisdiction over cases where complete diversity exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Here, the parties do not dispute that the amount in controversy exceeds $75,000. The remaining issue, therefore, is whether complete diversity exists.

To satisfy the requirements for complete diversity, "each of the plaintiffs must be a citizen of a different state than each of the defendants." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) (citing Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996)). On the face of plaintiff's Complaint, it appears that complete diversity does not exist between all parties as Folsom Lake and plaintiff are both citizens of California. (See Def.'s Opp'n to Pls.' Mot. for Remand at 2.) Nevertheless, Ford argues that Folsom Lake is a fraudulently joined defendant and that the court should therefore disregard its citizenship for purposes of determining diversity jurisdiction. (Id. at 2-3.)

3

A. Fraudulent Joinder

A non-diverse defendant may be disregarded for purposes of complete diversity if that defendant was fraudulently joined. Hamilton Materials Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007). A plaintiff has fraudulently joined a defendant when the "plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). There is a general presumption against a finding of fraudulent joinder, and the removing party must prove by clear and convincing evidence that joinder was fraudulent. Hamilton Materials Inc., 494 F.3d at 1206. If there is a "non-fanciful possibility that the plaintiffs can state a claim against the non-diverse defendant, the [district] court must remand." Vu v. Ortho-McNeill Pharm., Inc., 602 F.Supp.2d 1151, 1154 (N.D. Cal. 2009).

Plaintiff's only claim against resident defendant Folsom Lake is for negligent repair. The elements of negligence are duty, breach, causation, and damages. Burgess v. Superior Court, 2 Cal.4th 1064, 1072 (1992). Ford argues that plaintiff has not alleged sufficient facts to support its negligence claim. (Def.'s Opp'n to Pls.' Mot. for Remand at 2.)[1] That argument is

---

[1] Ford also argues that it "believes plaintiff has no intention of prosecuting a negligence claim against Folsom Lake Ford." (Id.) First, such speculation is insufficient to support diversity jurisdiction. Second, regardless of plaintiff's intent, if there is any possibility that plaintiff could establish liability against Folsom Lake, joinder is not fraudulent. See Verduzco v. Ford Motor Co., No. 1:13-CV-01437-LJO-BA, 2013 WL 5739094, at *8 (E.D. Cal. Oct. 22, 2013), adopted by No. 1:13-CV-01437-LJO-BA, 2013 WL 6053833 (E.D. Cal. Nov. 15,

unavailing.  Plaintiff has alleged that Folsom Lake repaired his vehicle on numerous occasions and that, during those repairs, it failed to act in accordance with relevant industry standards, causing plaintiff damage.  (Compl. ¶¶ 166-170.)  These allegations set forth the circumstances of each repair.  (Id. ¶¶ 59-69.)

      Regardless, the relevant inquiry is only whether plaintiff could state a claim against Folsom Lake on any legal theory.  See Grancare, LLC v. Thrower by and through Mills, 889 F.3d 543, 548 (9th Cir. 2018).  A court will likely grant leave to amend if any allegations are found to be insufficient on a motion to dismiss.  Tasch v. Ford Motor Co., No. CV 18-380-R, 2018 WL 3956493, at *1 (C.D. Cal. Aug. 16, 2018).  California law is not so settled that a plaintiff could not possibly recover against a dealership for negligent repair of a vehicle.  See Forward-Rossi v. Jaguar Land Rover N. Am., LLC, No. 216CV00949CASKSX, 2016 WL 3396925, at *4 (C.D. Cal. June 13, 2016) (finding the same).

  B.   Rule 21

      The general rule is that jurisdiction is based on facts that exist at the time of filing.  Righthaven LLC v. Hoehn, 716 F.3d 1166, 1171 (9th Cir. 2013).  One exception to this general rule is that federal courts may dismiss dispensable nondiverse parties to cure jurisdictional defects.  See Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 832 (1989).  Accordingly, Ford argues that this court should sever plaintiff's claim against

---

2013).

Folsom Lake pursuant to Federal Rules of Civil Procedure 21 ("Rule 21") as Folsom Lake is a dispensable nondiverse party.

Dismissal of dispensable nondiverse parties should be exercised sparingly after considering whether such dismissal will prejudice any of the parties in the litigation. See Newman-Green, 490 U.S. at 837-38. Assuming Folsom Lake is not an indispensable party, circumstances here nevertheless strongly militate against dismissing this action as against it for at least two reasons.

First, severing Folsom Lake would defeat the purposes of permissive joinder. The primary purpose of joining multiple parties is to promote trial convenience and to protect against the inefficiency of multiple lawsuits. League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency, 558 F.2d 914, 917 (9th Cir. 1977). Here, the claims against both defendants are sufficiently intertwined, factually and legally, such that severance would be inconvenient and inefficient. All of plaintiff's claims against both defendants involve the same vehicle, the same repairs, and the same warranties. Moreover, plaintiff's Song-Beverly claim against Ford requires that plaintiff have presented the Subject Vehicle to either Ford or one of its representatives for repairs. See Cal. Civ. Code § 1793.2(d). As many of the repairs of the Subject Vehicle were performed by Folsom Lake, it would be far more convenient for plaintiff to present any claims related to those repairs in the same case where he presents his claims regarding the vehicle's warranties.

Second, courts are reluctant to use Rule 21 "to contort the pleadings of a lawsuit merely to confer federal

jurisdiction." Zee Med. Distrib. Ass'n, Inc. v. Zee Med., Inc., 23 F. Supp. 2d 1151, 1157 (N.D. Cal. 1998). The plaintiff's Rule 21 argument is "an improper end-run around courts' rejection of the fraudulent misjoinder doctrine." Hampton v. Insys Therapeutics, Inc., 319 F. Supp. 3d 1204 (D. Nev. 2018). Because this court rejects defendant's fraudulent joinder contention, it will not use Rule 21 to unduly expand diversity jurisdiction.

C. Costs and Attorneys' Fees

If a case is improperly removed, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). An award of attorneys' fees may be appropriate where removal has been "sought for the purpose of prolonging litigation and imposing costs on the opposing party," and "the standard for awarding fees should turn on the reasonableness of the removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 140-41 (2005). In other cases, this court has declined to award attorneys' fees incurred because of improvident removal. See, e.g., Taasan v. JPMorgan Chase Bank, No. 2:18-CV-698 WBS EFB, 2018 WL 4027016 (E.D. Cal. Aug. 21, 2018); Hamblin v. Coinstar, Inc., No. CIVS07-1258 WBS KJM, 2007 WL 4181822 (E.D. Cal. Nov. 21, 2007). District courts, however, retain discretion to award attorneys' fees if justified based on the facts of a given case. See Martin, 546 U.S. at 141. The facts and circumstances of this case persuade the court to award fees.

Defendants relied on two grounds to argue that removal was proper: fraudulent joinder and dismissal of a dispensable

party pursuant to Rule 21.  Basing removal on fraudulent joinder in this case was clearly improper given the facts of the case.  Ninth Circuit precedent makes it clear that the standard for fraudulent joinder is not equivalent to that for Rule 12(b)(6).  Grancare, 889 F.3d at 549.  The relevant inquiry is whether there is any possibility that plaintiff could state a claim against the defendant, not whether the complaint necessarily does state a claim.  See id. at 549-50.  While defendants argued that the claims against Folsom Lake were insufficient,[2] defendants never argued that plaintiff could not recover from Folsom Lake under any legal theory, and it was obvious that plaintiff could state a claim.[3]  See Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1105 n.6 (9th Cir. 2000) (holding that an award of attorneys' fees is appropriate where removal was based on an incorrect understanding of law).

Similarly, defendants' arguments as to a Rule 21 dismissal of Folsom Lake bordered on the frivolous.  To assert his warranty claims, plaintiff was required to allow defendants a reasonable number of attempts to repair the Subject Vehicle.  See Silvio v. Ford Motor Co., 109 Cal. App. 4th 1205, 1208 (2d Dist.

---

[2]  This argument is specious because plaintiff's complaint describes the circumstances of each repair, including those performed by Folsom Lake, in great detail.  (Compl. ¶¶ 59-69.)

[3]  The court is not unaware of the fact that Ford has repeatedly attempted unsuccessfully to remove cases to federal court on fraudulent joinder grounds.  See, e.g., Tasch v. Ford Motor Co., No. CV 18-380-R, 2018 WL 3956493 (C.D. Cal. Aug. 16, 2018).  In most of those cases, the attempts are based on arguments contrary to settled authority, which is impermissible.  See Garbie v. Chrysler Corp., 8 F. Supp. 2d 814, 821 (N.D. Ill. 1998).

8

2003). Because Folsom Lake performed those repairs, Folsom Lake is obviously a proper party in an action dealing with alleged defects in that vehicle. Under these facts and California law, there was no reasonable argument supporting defendants' position that Folsom Lake was fraudulently joined or that the action should be dismissed as against Folsom Lake simply to preserve diversity.

        The court has reviewed plaintiff's requested attorneys' fees and expenses, and finds them to be reasonable.[4]

        IT IS THEREFORE ORDERED that plaintiff's Motion to Remand (Docket No. 8.) be, and the same hereby is, GRANTED. Plaintiff's request to remand this case to the Superior Court of the State of California, in and for the County of Sacramento, is GRANTED. Plaintiff's request for attorneys' fees and expenses is GRANTED in the sum of $1,625.00.

Dated: October 1, 2018

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[4] Defendants suggest that plaintiff be required to submit a separate fee petition so defendants can review and respond do it. However, plaintiff has already attached a declaration to the motion that sufficiently documents his fees, including the hours spent on the motion and counsel's hourly rate, and defendants' response suggests no grounds to reject plaintiff's numbers.